IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST; and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, <br><br> Plaintiffs, <br><br> vs. <br><br> M2 CONSTRUCTION, INC., an Illinois corporation, and RAMON CALDERON, an individual <br><br> Defendants. | CASE NO.: 23-cv-2315 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502, the CEMENT MASONS' INSTITUTE, LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA)

NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants, M2 CONSTRUCTION, INC. and RAMON CALDERON, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502 ("PENSION FUND"), the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND ("WELFARE FUND"), the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("ANNUITY FUND"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("SAVINGS FUND"), the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND ("TRAINING FUND"), and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND ("RETIREE WELFARE FUND") (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. § 1002(37)(A).

4. The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERSIA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of M2 CONSTRUCTION, INC. ("M2")'s cement mason employees.

7. The Defendant M2 is an Illinois corporation with its principal place of business in Algonquin, Illinois.

8. The Defendant RAMON CALDERON ("CALDERON") is the President and sole shareholder of Defendant M2.

## COUNT I
## BREACH OF CONTRACT – M2 CONSTRUCTION INC.

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. On or about June 2, 2021, M2 entered into a Memorandum of Agreement with the UNION. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**).

11. Through the Memorandum of Agreement, M2 recognized the UNION as the exclusive majority representative of its cement mason employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159). (**Exhibit 1**).

12. Through the Memorandum of Agreement, M2 also became bound to the Collective Bargaining Agreement ("CBA") between the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association in effect during the period of June 1, 2021, through May 31, 2026. (A copy of the CBA is attached as **Exhibit 2**).

13. Through the CBA and Memorandum of Agreement, M2 agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

14. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, Defendant M2 is required to make monthly reports of the number of hours worked by its cement mason employees ("monthly remittance reports") and pay contributions to the TRUST FUNDS and LMCC for each hour that a cement mason employee performs any work at the negotiated rate set forth in the CBA. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

15. Pursuant to the CBA, the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association agreed to hourly contribution

rates to the TRUST FUNDS and LMCC during the period of June 1, 2022 through May 31, 2023. (A copy of the Wage and Benefit Sheet dated May 16, 2022 is attached as **Exhibit 3**).

16. Pursuant to the CBA and properly executed check-off cards, M2 is required to deduct $3.80 from its cement mason employees' wages for each hour paid and remit it to the UNION. (**Exhibit 2**).

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly remittance reports and contributions to the TRUST FUNDS and the LMCC, and wage deductions to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at either a rate of ten percent (10%) per annum or the highest legally acceptable interest rate, any reasonable attorney's fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

18. M2 has failed to remit payment of contributions and wage deduction for the months August 2022, October 2022, and November 2022 in the aggregate amount of $12,975.10, which is itemized as follows:

| Month: | Contributions/Dues: |
|---|---|
| Aug. 2022 | $3,068.16 |
| Oct. 2022 | $4,054.96 |
| Nov. 2022 | $5,851.98 |
| **Total:** | **$12,975.10** |

19. As a result of M2's failure to timely remit payment of contributions and wage deductions for the months of August 2022, October 2022, and November 2022, M2 owes the TRUST FUNDS, LMCC and the UNION liquidated damages in the aggregate amount of $1,946.27, which is itemized as follows:

| Month: | Liquidated Damages: |
|---|---|
| Aug. 2022 | $460.22 |
| Oct. 2022 | $608.24 |
| Nov. 2022 | $877.80 |
| **Total:** | **$1,946.27** |

20. Defendant M2 has an on-going obligation under the CBA to remit contributions and wage deductions on behalf of its cement mason employees; accordingly, additional contributions, wage deductions, liquidated and interest may become due and owing.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from M2.

22. Defendant M2 is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant M2 in the amount of $12,975.10 for contributions and wages deductions owed for August 2022, October 2022, and November 2022;

B. That Judgment be entered in favor of Plaintiffs and against Defendant M2 in the amount of $1,946.27 for liquidated damages owed for August 2022, October 2022, and November 2022;

C. That Judgment be entered in favor of Plaintiffs and against Defendant M2 for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A and B above;

D.     That Defendant M2 be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant M2's costs pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – RAMON CALDERON

23. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. CALDERON, in his capacity as President and sole shareholder of M2, signed the Memorandum of Agreement with the UNION. (**Exhibit 1**).

25. The Memorandum of Agreement states as follows:

> "The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefit funds as required by this agreement"

(**Exhibit 1** at ¶7).

26. M2 has failed to remit payment of contributions and wage deduction for the months August 2022, October 2022, and November 2022 in the aggregate amount of $12,975.10, which is itemized as follows:

| Month: | Contributions/Dues: |
|---|---|
| Aug. 2022 | $3,068.16 |
| Oct. 2022 | $4,054.96 |
| Nov. 2022 | $5,851.98 |
| Total: | **$12,975.10** |

27. As a result of M2's failure to timely remit payment of contributions and wage deductions for the months of August 2022, October 2022, and November 2022, M2 owes the TRUST FUNDS, LMCC and the UNION liquidated damages in the aggregate amount of $1,946.27, which is itemized as follows:

| Month: | Liquidated Damages: |
|---|---|
| Aug. 2022 | $460.22 |
| Oct. 2022 | $608.24 |
| Nov. 2022 | $877.80 |
| **Total:** | **$1,946.27** |

28. Through the Memorandum of Agreement, CALDERON, personally, became jointly and severally liable with M2 for all wage deduction obligations to the UNION and contribution obligations to the TRUST FUNDS and LMCC.

29. Defendant CALDERON has a continuing obligation to remit monthly remittance reports, contributions, and wage deductions on a monthly basis to Plaintiffs.

30. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from CALDERON.

31. Defendant CALDERON is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant CALDERON in the amount of $12,975.10 for contributions and wages deductions owed for August 2022, October 2022, and November 2022;

B.     That Judgment be entered in favor of Plaintiffs and against Defendant CALDERON in the amount of $1,946.27 for liquidated damages owed for August 2022, October 2022, and November 2022;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant CALDERON for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A and B above;

D.     That Defendant CALDERON be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant CALDERON's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Karsyn M. Kratochvil - 6339241
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 788-2917
kratochvil@johnsonkrol.com